UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION ,

        Plaintiff,

  v.                                                   Case No. 04-C-875

SCHNEIDER NATIONAL, INC.,

        Defendant.

**ORDER**

      Plaintiff Equal Employment Opportunity Commission (EEOC) filed this action against Schneider National, Inc. (Schneider), claiming that Schneider had violated the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, when it refused to return Jerome Hoefner from a medical leave of absence to his position as a Schneider over-the-road commercial truck driver and later terminated his employment after it learned that he had fainted. Hoefner has been diagnosed with a condition known as neurocardiogenic syncope. The EEOC alleges that Schneider discriminated against Hoefner on the basis of a perceived disability in violation of Section 102(b) of the ADA, 42 U.S.C. § 12112(b). By way of relief, the EEOC seeks a permanent injunction enjoining Schneider from failing or refusing to employ disabled individuals such as Hoefner in positions for which they are qualified; an order directing Schneider to institute and carry out policies, practices and programs that provide equal employment opportunities for qualified

individuals with disabilities and that eradicate the effects of past and present unlawful employment practices; reinstatement and compensatory damages for Hoefner; and punitive damages.

Currently before me is the EEOC's motion to compel Schneider to respond to four separate requests for production of documents pertaining to three areas. The EEOC's Request No. 11 seeks all of Schneider's Equal Employment Opportunity (EEO) training documents. Request Nos. 15 and 16 seek documents that show the net worth of Schneider. And Request No. 17 seeks documents that show the relationship between Schneider and Schneider National Carriers, Inc. (Schneider Carriers), a subsidiary of Schneider which Schneider contends was Hoefner's actual employer and is the proper defendant in this matter. The EEOC claims that Schneider has refused to produce the requested documents despite its repeated informal efforts to obtain compliance. It now seeks and order compelling Schneider to respond.

Schneider initially responded to Request No. 11 by objecting that the request was overly broad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. The EEOC thereafter limited its request to "documents regarding EEO training or workshops that Schneider has given to its employees and management personnel regarding ADA, disability or other leave issues." (Doc. 17 at 2.) In its brief in opposition to the EEOC's motion, Schneider concedes that in some cases, evidence of an employer's EEO training, as well as the employer's net worth, are relevant to a claim for punitive damages. But in this case, Schneider argues punitive damages are unwarranted as a matter of law. Even if punitive damages are a theoretical possibility at this stage, Schneider argues that discovery relating to such damages should be put off until after the parties anticipated cross-motions for summary judgment on liability are decided. (Def.'s Br. In Opp. at 2-3.) As to Request No. 17, Schneider argues that since Schneider

2

Carriers has admitted that it was Hoefner's employer, the relationship between Schneider and Schneider Carriers is irrelevant and documents showing that relationship are not likely to lead to the discovery of admissible evidence. (*Id.* at 3.)

The scope of discovery allowed under the Federal Rules of Civil Procedure is broad. It extends to "any matter, not privileged, that is relevant to the claim or defense of any party . . . . " Fed. R. Civ. P. 26(b)(1). The test for whether information is discoverable is not whether the information itself is admissible, but whether it is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* A request for discovery "'should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.'" *AM Int'l Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D. Ill.1981) (quoting 8 Wright and Miller, Federal Practice and Procedure § 2008 (1970)).

Schneider will be ordered to respond to the EEOC's Request No. 11. Given the broad scope of discovery allowed under the Federal Rules, I conclude that the EEOC is entitled to information concerning Schneider's efforts to educate and train its management and employees about its obligations under the ADA. Courts have regularly held that inconsistent application of a certain policy may be used as evidence of discrimination. *See e.g. Berg v. Fla. Dept. of Labor and Employment Sec, Div. of Vocational Rehab.*, 163 F.3d 1251, 1255 (11th Cir. 1998)(suggesting that failure to adhere to or inconsistent application of policies may be circumstantial evidence of discrimination where there is a showing that the policies were applied to others); *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 51 (2d Cir.1998) (inconsistent application of company disciplinary policy was sufficient for jury to find that employer's defense was pretext for discrimination). Such information could lead to the discovery of admissible evidence relevant to

3

whether Schneider recognized those obligations and attempted to comply with them in its treatment of disabled workers. Having narrowed its original overly broad request for all EEO training material and documents to those pertaining to the ADA, disability and other leave issues, the EEOC's request is now reasonable and does not appear unduly burdensome. Schneider will therefore be given thirty days to respond.

As to Request Nos. 15 and 16, I conclude that the EEOC's requests are premature. These requests seek confidential information concerning Schneider's financial condition that may be relevant to the EEOC's request for punitive damages. Schneider, a privately held corporation, opposes the production of such financial information, fearing it could affect its competitive position in the workplace. Although a protective order that would limit the further disclosure of such information has been entered, Schneider wishes to avoid disclosure of such information, at least until it is clear that the punitive damage claim will survive.

I find Schneider's request reasonable. The general rule is that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial and without making a prima facie showing that he is entitled to recover such damages. *See e.g., Christy v. Ashkin*, 972 F. Supp. 253 (D. Vt. 1997). That rule has also been followed in this district. *EEOC v. Klockner H & K Machs., Inc.*, 168 F.R.D. 233, 235 (E.D. Wis.1996). But in this case, the parties have agreed to postpone disclosure of their damage experts until after their anticipated cross-motions for summary judgment on the issue of liability are decided for the sake of efficiency. If it makes sense to postpone discovery of expert testimony on damages until it is clear that such discovery will be necessary, it is also reasonable to postpone discovery of such sensitive information relating to punitive damages.

4

I also note that punitive damages are not available simply upon proof of a violation of the ADA. To recover punitive damages, a claimant must show that the employer "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a. Although the EEOC has alleged that Schneider engaged in such a practice in terminating Hoefner, there are no specific facts alleged to support its allegation that Schneider acted with malice or reckless indifference to Hoefner's federally protected rights. Schneider is not trying to hide the fact that it terminated Hoefner as an over-the-road commercial truck driver because he has neurocardiogenic syncope. In fact, the evidence shows that Schneider has a clear and unequivocal policy disqualifying drivers who have been diagnosed with neurocardiogenic syncope apparently because it believes such a condition would endanger their safety and that of the general public. (Def.'s Br. In Opp., Ex. 2.) While Schneider's policy may be based on an erroneous understanding of the risks associated with neurocardiogenic syncope, this is not the same as malicious or reckless indifference to an individual's federally protected rights. Thus, it is not clear, at least at this stage of the proceedings, that the punitive damage claim will remain.

Because the information sought is highly confidential and is only relevant to a claim that may not remain beyond summary judgment, I conclude that postponing Schneider's obligation to produce the financial documents requested is fair and reasonable. This is especially so because it is unclear at this point whether Schneider is even the proper party to respond to such a request. Schneider has contended from the inception of the suit that Schneider Carriers and not Schneider is the proper defendant since Schneider Carriers was Hoefner's employer. If this is true, records

5

relating to Schneider's financial condition may be beyond the scope of discovery. Delaying discovery concerning punitive damages should await resolution of this issue as well.

This brings me to the EEOC's Request No. 17, which seeks "documents sufficient to show the legal relationship between Schneider National, Inc., and Schneider National Carriers, Inc., as alleged in Paragraph 4 of Schneider's Answer of November 11. 2004. The evidence that a Schneider employee made the recommendation that Hoefner be terminated and that the termination letter refers to Hoefner's employment with Schneider raise sufficient questions to justify the EEOC's request for documentation showing the precise relationship between the two entities. A request for "sufficient" documentation is hardly overly broad or burdensome. Accordingly, Schneider will be allowed thirty days to respond to this request also.

**IT IS THEREFORE ORDERED** that the EEOC's motion to compel discovery (docket # 16) is **granted in part and denied in part**. The motion is granted in that Schneider is ordered to respond to Request No. 11, as limited herein, and Request No. 17 within thirty days of this order. The motion is denied in that Schneider need not respond to Request Nos. 15 and 16 at this time, but may await the outcome of the summary judgment motions on the issue of liability.

Dated this __2nd__ day of August, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
